UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
M. CAMERON KENNY,

                                        Plaintiff(s),                    **ORDER**
                                                                         CV 05-6112 (ADS)(WDW)

            -against-


COUNTY OF SUFFOLK,

                                        Defendant(s).
------------------------------------------------------------------X
**WALL, Magistrate Judge:**

        Before the court is the plaintiff's motion to compel disclosure of certain information/

documents.  DE[133].  For the reasons set forth *infra*, the motion is granted in part, to the extent

set forth *infra*, and denied in part.

**BACKGROUND**

        This Title VII action alleging gender discrimination was filed on 12/30/05 and proceeded

with discovery, which closed on 12/20/07.  The case was scheduled to begin trial on 7/6/08, but

that trial date was adjourned, for reasons that are not clear from the docket.  Jury selection is now

scheduled to proceed on 12/1/08.  From the inception of the action, through discovery, the

plaintiff was represented by counsel, Vincent E. Bauer. On 10/2/08, Mr. Bauer's motion to

withdraw was granted by Judge Spatt, and the plaintiff, who is herself an attorney, now appears

pro se.  After Mr. Bauer was terminated, Ms. Kenny wrote to Judge Spatt, raising several matter

related to discovery, and Judge Spatt referred the issues to the undersigned for determination.

        After the referral, on 10/22/08, the undersigned issued an order directing the plaintiff to

make a motion to compel and detailing the legal and factual issues she should address in her

motion.  She filed her motion on 10/29/08, and the defendants timely filed their opposition.  In

her motion, the plaintiff specifies that she wants an order compelling production of the

following: (1) Gender of ADAs on Salary Charts, years 2000-05; (2) Employee Files of ADAs

Dowling, Smith and Scarglato; and (3) all information relative to the D.O.J. investigation of this

matter. DE[133] at 1.

**DISCUSSION**

Gender Information and Employee Files:

Discovery in this matter closed in December 2007, and the plaintiff did not raise these

issues with the court until October 2008. Thus, the threshold issue that the plaintiff must

address is good cause for the delay. *See* Fed. R. Civ. P. 16(b)(4); *see also Grochowski v. Phoenix

Constr.,* 318 F.3d 80, 86 (2d Cir. 2003). "A finding of good cause depends on the diligence of

the moving party." *See id.* The court finds that she has not demonstrated good cause for the

delay in her papers. The gist of Ms. Kenny's argument, at least in regard to the gender issue and

the personnel files, seems to be that her attorney should have demanded the information/

documents, and that she urged him repeatedly to do so. But he did not do so, despite, as the

defendant points out, ample opportunities. Nor is there any indication that the defendants were

delinquent in responding to the discovery demands that were made to them.

The court takes no position on what Mr. Bauer, who is not here to speak for himself,

could or should have done or did do, because his actions, good, bad, or indifferent, are binding

on the plaintiff. Incoming counsel is bound by the actions of his or her predecessor, and "to hold

otherwise would allow parties to create "good cause" simply by switching counsel." *See Glover

v. Jones,* 2006 U.S. Dist. LEXIS 8066, *13-14 (W.D.N.Y. Nov. 3, 2006). Here, the "incoming

counsel" is the plaintiff, who is herself a lawyer[1].  As such, she cannot expect "the special allowances [courts] sometimes make for pro se litigants."  *See In re Martin-Trigona,* 763 F.2d 503, 506 (2d Cir. 1985); *see also Padilla v. Payco Gen. Am. Credits, Inc.,* 161 F. Supp. 2d 264, 271 (S.D.N.Y. 2001).

The court finds that the plaintiff had ample opportunity to pursue discovery regarding the gender and employee file issues and has not demonstrated an adequate basis for reopening that discovery now.  *See* Def. Mem. in Opp. DE[135], at 1-2 and the numerous cases cited therein. However diligent Ms. Kenny herself might have been, she is bound by the litigation decisions of her former counsel and has not shown good cause for the long delay in seeking discovery.  The court now turns to the question of the DOJ files, which involve somewhat different underlying facts.

Department of Justice Files:

As best as the court can make out from the papers, the Department of Justice conducted an investigation of the plaintiff's experience with the defendant employer.  The EEOC was also involved and one or the other of those entities issued a right to sue letter.  In the course of discovery, the defendant provided the plaintiff with materials returned by the DOJ to the EEOC in February 2007.  DE[133] at 5.   The plaintiff now argues, howver, that she was unaware of the existence of a separate DOJ file until after the defendant filed a motion in limine on 7/3/08.  That motion in limine contains a paragraph that references "the Department of Justice's Investigation," with no further explanation of what that investigation entailed, and seeks to

_____

[1]The court notes Ms. Kenny's statement that she is no longer practicing law, but her legal training is the significant factor in determining whether she is entitled to pro se allowances.  She is not.

3

exclude testimony and evidence pertaining to the DOJ investigation from use at the trial. DE[110] at 19.

After she saw the motion in limine, in August 2008, the plaintiff made a FOIA request and learned that the County had shared documents with the DOJ pursuant to a Privacy Agreement. The plaintiff argues that the defendants did not produce those documents, nor did they provide a privilege log of such documents, despite the broad wording of some of the discovery demands. The defendants argue that the plaintiff was well aware of the DOJ investigation, and that it is absurd of her to argue that she did not know of the investigation. The court agrees that it would be disengenuous of the plaintiff to argue that she did not know of the DOJ investigation, but it is not disingenuous of her to argue that she did not know about the Privacy Agreement or the documents produced by the defendants to the DOJ pursuant to that agreement. The document demands that she refers to were broad enough to warrant either production of the documents or the declaration that some privilege protected them from disclosure. *See* Pl's Reply Mem. at 5 [136].

The defendants argue that all documents responsive to the plaintiff's discovery requests were produced. DE[135] at 11. They, however, have not had a chance to respond to the specific discovery demands that the plaintiff references in support of her argument, because she raised them only in her reply, and not in her original motion papers. *See* DE[136] at 5. The court cannot, in any event, determine from the record before it whether there are any documents responsive to the plaintiff's discovery demands that were produced to the DOJ under the Privacy Agreement and not included in the production of EEOC documents. If there are, they should be provided to the court for *in camera* review. In this regard, the undersigned notes Judge Spatt's

order that if I determine that the plaintiff is not entitled to the documents as a matter of discovery, he will "entertain a motion to review the documents in camera in advance of trial," presumably as part of his determination of the defendants' motion in limine. Because this action is set for jury selection to commence in two weeks, the undersigned finds that if such documents exist, they should be produced to Judge Spatt for *in camera* review no later than November 25 so that the action can move along as expeditiously as possible. The defendants should also file an explanation for why these documents were not produced earlier. If the defendants take the position that no such documents exist, they should explain in writing precisely what information and evidence of the DOJ investigation that want precluded at trial pursuant to their motion in limine and how that testimony and evidence is distinct from the EEOC evidence, if in fact it is.

The court declines to award sanctions to the defendants or the plaintiff, both of whom request them in their papers.

Dated: Central Islip, New York
      November 17, 2008

**SO ORDERED:**

 /s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge